UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN PEDERSON and DONNA PEDERSON, jointly and severally and their marital community, d/b/a Pacific Harbor Trading, <br><br> Defendants. | CASE NO. C09-5109BHS <br><br> ORDER RENOTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

The Court, having considered the complaint and the files and records herein, does hereby notify Defendants of the requirements to respond to Plaintiff's motion for summary judgment. Dkt. 6.

(1) Plaintiff filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 56), which was noted for consideration on June 5, 2009. Dkt. 6. Defendants have failed to respond. However, because Defendants are proceeding pro se, the Court will allow Defendants the opportunity to respond. Defendants are notified that under Local Civil Rule 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

ORDER - 1

(2) When a party files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. In the event Plaintiff files a motion for summary judgment by which it seeks to have a judgment entered in its favor, Defendants are notified that summary judgment under Fed. R. Civ. P. 56 will, if granted, end the case.

Rule 56 tells Defendants what they must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of the case. When Plaintiff makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Defendants cannot simply rely on their assertions contained in the answer to the complaint. Instead, Defendants must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Plaintiff's declarations and documents and show that there is a genuine issue of material fact for trial. If Defendants do not submit their own evidence in opposition, then summary judgment, if appropriate, may be entered against them. If summary judgment is granted, the Court will enter judgment for Plaintiff and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

(3) Plaintiff's motion for summary judgment is renoted for consideration on the Court's July 10, 2009 calendar. Defendants may file a response to the motion for summary judgment, including declarations, depositions, answers to interrogatories, or authenticated documents, no later than July 6, 2009, and shall provide a copy of any such response to Plaintiff's counsel by that date. If Defendants do not file a response providing the appropriate documentation as described above, judgment will likely be granted in Plaintiff's favor. Counsel for Plaintiff may file any reply to a response by July 10, 2009.

**IT IS SO ORDERED.**

DATED this 22nd day of June, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3