UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN PEDERSON and DONNA PEDERSON, jointly and severally and their marital community, d/b/a Pacific Harbor Trading, <br><br> Defendants. | CASE NO. C9-5109BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 6). The Court has considered the pleadings filed in support of the motion, Defendants' failure to respond, and the remainder of the file, and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2009, Plaintiff American President Lines, Ltd., filed a complaint against Defendants Kevin Pederson and Donna Pederson, d/b/a as Pacific Harbor Trading. Dkt. 1. On March 26, 2009, Defendants Kevin and Donna Pederson answered the complaint with a letter that stated: "We deny the allegations." Dkt. 5.

On May 14, 2009, Plaintiff filed a Motion for Summary Judgment. Dkt. 6. Defendants did not respond. On June 22, 2009, the Court renoted the motion to July 10,

ORDER - 1

1  2009 and informed Defendants, who are proceeding pro se, of the requirements of
2  responding to, and the risks of failure to respond to, Plaintiff's motion. Dkt. 9. Again,
3  Defendants failed to respond.

4  Plaintiff claims that from November 2006 through May 2007 it transported various
5  items for Pacific Harbor Trading to and from numerous international ports. Dkt. 8,
6  Affidavit of N.D. McCluskey ("McCluskey Aff."), ¶¶ 3-23. Plaintiff also claims that
7  Pacific Harbor Trading has failed to pay for these shipments and currently owes Plaintiff
8  $68,510.00. *Id*. ¶ 24.

9  With regard to the business entity known as "Pacific Harbor Trading," Plaintiff
10 claims that it "is the assumed name of the business managed, owned, and operated by
11 Kevin Pederson and Donna Pederson, who are husband and wife." *Id*. ¶ 25; Dkt. 7,
12 Affidavit of Olaf Aprans ("Aprans Aff."), ¶¶ 2-9, Exhibit 22-26. Plaintiff also claims
13 that all of the shipments for which it claims it is owed money were contracted by either
14 Kevin or Donna Pederson for the benefit of the business named "Pacific Harbor Trading."
15 McCluskey Aff. ¶ 25.

16 Plaintiff claims that "Pacific Harbor Trading" is not listed as a business entity with
17 the Washington Secretary of State. Aprans Aff. ¶¶ 5 & 23. However, a website for the
18 entity lists Kevin Pederson as "President" and Donna Pederson as "Accounting." *Id*. ¶
19 24.

## II. DISCUSSION

21 As a threshold matter, "[i]f a party fails to file papers in opposition to a motion,
22 such failure may be considered by the court as an admission that the motion has merit."
23 Local Civil Rule 7(b)(2). Defendants failed to file a response and therefore the Court
24 may consider this failure as an admission that Plaintiff's motion has merit.

25 **A.     Summary Judgment Standard**

26 Summary judgment is proper only if the pleadings, the discovery and disclosure
27 materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Plaintiff's Motion**

Plaintiff requests that the Court enter an order that Plaintiff "is entitled to a judgment as a matter of law against both defendants jointly and severally in the amount of $68,510.00." Dkt. 6 at 6.

**1.     Shipping Contracts**

"Anyone who contracts to pay for ocean freight can be held liable in accordance with ordinary contract law as applied in maritime matters." *EIMSKP v. Atlantic Fish Market, Inc.*, 417 F.3d 72, 76 (1st Cir. 2005) (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14 (2004)). "To determine the existence of [potential] contractual liability, the courts examine first the bill of lading which 'serves both as a receipt and as a contract.'" *States Marine Int'l, Inc. v. Seattle-First Nat'l Bank*, 524 F.2d 245, 248 (9th Cir. 1975) (quoting *Louisville & N.R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 67 (1924)). "[C]ontracts for the carriage of goods by sea must be construed like any other contracts: by their terms and consistent with the intent of the parties." *Kirby*, 543 U.S. at 31.

In this case, Plaintiff has submitted multiple bills of lading for shipping services provided by Plaintiff at the request of Pacific Harbor Trading. The Court finds that these bills are contracts that create contractual liability for both parties. Plaintiff claims that it has fully performed its duties under the contract and that Pacific Harbor Trading has failed to perform its duties of paying for the services rendered. Neither Defendants nor Pacific Harbor Trading have submitted facts that contradict this allegation. Therefore, the Court grants Plaintiff's motion and finds that Pacific Harbor Trading is in breach of contract for an amount of $68,510.00.

**2.     Individual Liability**

"[T]he association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." RCW 25.05.055 (2009). The burden of proving a partnership is on the party asserting its

existence. *Kintz v. Read*, 28 Wn. App. 731, 734 (1981). Direct evidence of an agreement to form a partnership is unnecessary to show the existence of a partnership; circumstantial evidence is sufficient. *Malnar v. Carlson*, 128 Wn.2d 521, 535 (1996). Whether a partnership exists depends on the intention of the parties, which is ascertained by examining all facts and circumstances, including parties' action and conduct. *Douglas v. Jepson*, 88 Wn. App. 342, 347 (1997). When it appears from the evidence that the parties have entered into a business relation, combining their property, labor, skill, and experience for the purpose of joint profit, a partnership will be deemed established. *Malnar*, 128 Wn.2d at 535.

"[A]ll partners are liable jointly and severally for all obligations of the partnership . . . ." RCW 25.05.125. Any obligation incurred on behalf of the partnership and in furtherance thereof fastens liability for that obligation on all the partners. *Dygert v. Hansen*, 31 Wn.2d 858, 860-61 (1948).

In this case, Plaintiff argues that "there is no genuine factual issue that Kevin Pederson and Donna Pederson acted together, combining their labor, skills, and capital to conduct their business called Pacific Harbor Trading." Dkt. 6 at 5. The Court agrees and finds that Defendants were operating a partnership known as "Pacific Harbor Trading." As such, they are jointly and severally liable for the debt of that partnership.

Therefore, the Court grants Plaintiff's motion on the issue of whether Defendants were operating a partnership.

### 3. Community Property

There is a presumption that all debts of each spouse acquired during marriage attaches to the community estate and the burden is on the denying spouse to show that the incurred debt is not a community debt. *Warren v. Washington Trust Bank*, 19 Wn. App. 348, 360 (1978). A spouse contesting a community debt has the burden of showing that it was not "incurred with the intention or expectation, at the inception of the transaction, on the part of the spouse that a material economic benefit would accrue to the community."

ORDER - 5

*Id.*

In this case, Plaintiff argues that "there is no genuine issue with respect to the fact that the debt defendants owe to [Plaintiff] attaches to their community property." Dkt. 6 at 6. The Court agrees, as neither Defendant has responded to overcome the presumption of community debt. Therefore, the Court grants Plaintiff's motion on this issue.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 6) is **GRANTED**. The clerk shall enter final judgment in favor of Plaintiff for the amount of $68,510.00.

DATED this 16th day of July, 2009.

BENJAMIN H. SETTLE
United States District Judge